# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

Plaintiff,

v.

Case No. 18-40086-DDC

MICHAEL SCOTT MOON,

Defendant.

## PLEA AGREEMENT

The United States of America, by and through Gregory G. Hough, Assistant United States Attorney, and the defendant, MICHAEL SCOTT MOON, personally and by and through his counsel, Branden L. Smith, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.**

The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of Title 21, United States Code, Section 846, with reference to Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United States Code, Section 2, that is, conspiracy to possess with the intent to distribute and dispense 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, being approximately 4 kilograms of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum

sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is not less than 10 years nor more than life imprisonment, a $10,000,000 fine, at least 5 years of supervised release, and a $100.00 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.**

The defendant hereby agrees and stipulates that had this matter proceed to trial, the government would present the following evidence, and that said evidence would prove him guilty as to each of the essential elements of Count 1 of the Indictment, beyond a reasonable doubt:

> From on or about March 6, 2018, to on or about July 9, 2018, in the District of Kansas and elsewhere, the defendant, MICHAEL SCOTT MOON, did knowingly, willfully and unlawfully combine, conspire, confederate and agree with other persons whose identities are known and unknown to the grand jury, to possess with the intent to distribute and dispense 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. The amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is approximately 4 kilograms of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.
>
> On or about June 4, 2018, Topeka DEA personnel received information from a DEA Confidential Source (CS), regarding MOON as a methamphetamine distributor in Topeka, Kansas. The CS stated that he/she has heard from multiple individuals that MOON has been acquiring and distributing large amounts of methamphetamine from hotels throughout Topeka, Kansas. The CS stated that he/she knows MOON to distribute methamphetamine and that the CS has witnessed MOON in possession of methamphetamine previously. The CS has been deemed credible and reliable. The CS is familiar with methamphetamine, its packaging and methods of distribution. The CS has provided information to law enforcement regarding the sale of illegal controlled substances on at least 20 occasions, which have been independently corroborated by law enforcement. The CS was currently cooperating with law enforcement for monetary compensation.
>
> On or about June 7, 2018, Topeka DEA personnel conducted an interview with a Cooperating Defendant (CD), regarding MOON. The CD stated that MOON was then acquiring and distributing large quantities of methamphetamine in Topeka, Kansas. The CD stated that MOON was utilizing *Facebook* and *Facebook* messenger to facilitate his methamphetamine distribution. The CD consented to a search of his/her *Facebook* account, which showed multiple contacts between the CD and MOON, who utilized *Facebook* account Mike MOON with *Facebook* ID:

moonbynoon80. The following is a summary of *Facebook* contacts between the CD and MOON:

    March 6, 2018
    CD:        I need a 7
    MOON:    Sup
    Followed by Facebook messenger call
    CD:        I need 7
    CD:        ASAP
    CD:        I'm at 208
    CD:        Come knock on my door
    Followed by a Facebook messenger call
    CD:        Where are you

    March 18, 2018
    MOON:    No where any thing is
    CD:        Yes
    CD:        Yes I do
    MOON:    How much
    MOON:    For as O
    MOON:    Oz
    CD:        I have been getting them for 4-450
    MOON:    I want one
    CD:        Alright…I want a hotel room
    June 02, 2018
    MOON:    So whats up partner
    MOON:    I talked to my friend and a cash value of 1800 is what we came up with
    MOON:    ;and thats damn cheap for a pound loss

Based on the above-referenced *Facebook* messenger messages and statements made by the CD, DEA determined that MOON and the CD were discussing the prices and weights of methamphetamine for distribution purposes. DEA determined that a "Sev" is in reference to seven (7) grams of methamphetamine and an "O" or "Oz" is in reference to one (1) ounce of methamphetamine.

The *Facebook* ID: moonbynoon80 showed a color photograph of the defendant, MICHAEL SCOTT MOON as the *Facebook* profile photo. Michael SCOTT MOON, a.k.a. "Mike," was conclusively determined to be the user of Facebook ID: moonbynoon80

Based upon the above, on or about June 15, 2018, Topeka DEA applied for and obtained a lawful search warrant for "information associated with the Facebook user ID: moonbynoon80 that is stored at premises owned, maintained, controlled, or operated by *Facebook* Inc., a company headquartered in Menlo Park, California." After a thorough examination of this entire Facebook account, DEA

3

Topeka was able to determine that, conservatively, between March 6, 2018, and June 15, 2018, in the District of Kansas and elsewhere, the defendant, MICHAEL SCOTT MOON, did knowingly, willfully and unlawfully combine, conspire, confederate and agree with other persons whose identities are known and unknown to the grand jury, to possess with the intent to distribute and dispense approximately 4 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

3.     **Application of the Sentencing Guidelines.**

The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4.     **Relevant Conduct.**

The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.**

In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to dismiss the remaining counts of the Indictment at the time of sentencing;

(b) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

(c) to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty;

(d) to not oppose that the defendant receive a two (2) level reduction in the applicable offense for his role in the offense, pursuant to U.S.S.G. § 3B1.2(b); and

(e) to recommend a sentence at the low end of the applicable Guideline range, provided that the defendant does not request a downward departure or a variance.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms,

the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.**

The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Withdrawal of Plea Not Permitted.**

The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

8. **Payment of Special Assessment.**

The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without

resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

9. **Waiver of Appeal and Collateral Attack.**

The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

10. **F.O.I.A. and Privacy Act Waiver.**

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be

sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

11.     **Full Disclosure by United States.**

The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

12.     **Parties to the Agreement.**

The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

13.     **Voluntariness of Guilty Plea.**

The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements

or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

GREGORY HOUGH
Digitally signed by GREGORY HOUGH
Date: 2020.09.25 11:29:05 -05'00'

Date: 4/6/2021

Gregory G. Hough, #12860
Assistant United States Attorney

JARED MAAG
Digitally signed by JARED MAAG
Date: 2020.09.25 10:47:05 -05'00'

Date: _____

Jared Maag
Assistant United States Attorney
Supervisor

_____
MICHAEL SCOTT MOON
Defendant

Date: 4/6/21

_____
Branden L. Smith
Smith Legal, LLC
719 Massachusetts Street, Suite 126
Lawrence, KS 66044
branden@smithlegallc.com
Counsel for Defendant

Date: 4/6/2021

9