IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(TOPEKA DOCKET)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>                   Plaintiff, ) <br>                   ) <br> vs.                   ) <br>                   ) <br> MICHAEL SCOTT MOON, ) <br>                   Defendant. ) <br> _____) | No.  5:18-cr-40086-HLT |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO "RESTRUCTURE SENTENCE UNDER**
**§ 3584 [NUNC PRO TUNC] UNDER § 5G1.3"**

The United States of America, by and through Duston J. Slinkard, United States Attorney for the District of Kansas, and Gregory G. Hough, Assistant United States Attorney for said District, respectfully requests that this court enter orders summarily overruling, denying and dismissing defendant's motion to "restructure sentence under § 3584 [nunc pro tunc] § 5G1.3."[1]  In support of said request, the United States shows the court as follows:

1. The government incorporates by reference as though fully restated at this time the court's order summarily overruling, denying and dismissing the

---

1 Doc. 70.

1

defendant's motion for credit for time served.[2]

2. In his motion for credit for time served, the defendant moved *pro se* and asked the Court to credit time to his federal sentence from the time he was taken into federal custody from the Kansas Department of Corrections.[3] The defendant sought federal credit for the time between May 6, 2019 and January 28, 2021 (about 20 months). He contended that he should get credit because the sentencing Court has discretion to run custodial sentences concurrently or consecutively, and argued the Court should exercise this discretion in his favor based on the 18 U.S.C. § 3553(a) factors, the U.S. Sentencing Guidelines, and other statutory provisions. The defendant made two alternative requests: (1) to credit the time from May 6, 2019 to January 28, 2021 to his federal sentence or (2) to modify his sentence to run his state and federal sentences concurrently.[4]

3. In summarily rejecting the defendant's credit for time served argument for lack of jurisdiction, the court held that "there is no evidence that Moon exhausted his administrative remedies, nor has he brought a habeas action under § 2241, so the Court lacks jurisdiction to consider his request under

---

2 Doc. 69.
3 *Id.* at 1.
4 *Id.* at 2.

this framework."[5]

4. In summarily rejecting for lack of jurisdiction the defendant's argument for the court to modify his sentence to run his state and federal sentences concurrently, the court held the defendant had not identified an applicable exception to 18 U.S.C. § 3582, and that it appeared that none apply. Thus, the Court held that it lacked jurisdiction to consider his request under § 3582.[6] The Court noted that the defendant "relied on U.S.S.G. § 5K2.23 in his supplemental brief. '[B]ut the Sentencing Guidelines are not jurisdiction-conferring statutes permitting court to modify a sentence; they are not statutes at all.' [sic]. Thus, § 5K2.23 does not vest the Court with jurisdiction to lower Moon's sentence either."[7]

5. In the instant motion, the defendant seeks "to have the sentences deemed concurrent in full or, failing to satisfy the FBOP calculations, a reduction of the Federal Sentence by an amount equal to the served State Sentence,"[8] and "*nunc pro tunc* credit for the term between July 9, 2018, until January 29, 2021, and that he be given credit on his present federal sentence, even

---

5 Doc. 69 at 2-3.
6 *Id*. at 3, *citing United States v. Redmond*, 2017 WL 2638253, at *2 (D. Kan. 2017).
7 *Id*. at 3, n. 3, *citing United States v. Tetty-Mensah*, 665 F. App'x. 687, 690 (10th Cir. 2016).
8 Doc. 70 at 1.

if that requires a new and shorter term of imprisonment, if the Bureau of Prisons refuses to issue the proper time credit to the concurrent sentences imposed.[9]

6. The plea agreement in this matter is silent regarding concurrent or consecutive sentencing.[10] The Judgment in this case is silent regarding concurrent or consecutive sentencing.[11]

7. The defendant was arrested in this matter on May 6, 2019.[12] The defendant was sentenced in this matter on October 12, 2021.[13] The Presentence Report (PSIR) indicates that the defendant was serving three (3) sentences imposed by the Shawnee County District Court at the time of his arrest and detention in this matter, and that in all them he was paroled to the federal detainer and the sentence expired while he was detained pending a resolution of this matter.[14] All of those sentences had "expired" on July 28, 2021,[15] so the Kansas Department of Corrections did give him credit for his time served in Federal custody, and there was no pending sentence

---

9 Doc. 70 at 3.
10 Doc. 51.
11 Doc. 61.
12 Doc. 8a.
13 Doc. 60.
14 Doc. 55 at 9-11, ¶¶ 34-36, *citing* Shawnee County District Case Nos. 14CR1646, 15CR1649 and 17CR317.
15 *Id*.

in existence at the time he was sentenced in this matter on October 12, 2021. Thus, the Court could not have run the sentence in this matter concurrently to any pending sentence because there was no pending sentence.

8. As with his motion for credit for time served,[16] there is no evidence that the defendant has exhausted his administrative remedies, nor has he brought a habeas action under 28 U.S.C. § 2241. Thus, the Court lacks jurisdiction to consider his request under this framework. Thus, the motion should be summarily overruled, denied and dismissed.

9. As with his request pursuant to U.S.S.G. § 5K2.23, his request for relief pursuant to U.S.S.G. § 5G1.3(b) must be summarily overruled, denied and dismissed, "because the Sentencing Guidelines are not jurisdiction-conferring statutes permitting court to modify a sentence; they are not statutes at all. Thus, § 5K2.23 does not vest the Court with jurisdiction to lower Moon's sentence either."[17]

WHEREFORE, for all of the above-stated reasons, the United States respectfully requests that this Court enter orders summarily overruling, denying and

---

[16] Doc. 63.
[17] Doc. 69 at 3, n. 3, *citing Tetty-Mensah*, 665 F. App'x at 690.

dismissing the defendant's motion to "restructure sentence under § 3584 [nunc pro tunc] § 5G1.3."[18]

                                              Respectfully submitted,

                                              DUSTON J. SLINKARD
                                              United States Attorney

                                              s/ *Gregory G. Hough*
                                              Gregory G. Hough, #12860
                                              Assistant U.S. Attorney
                                              444 S.E. Quincy, Suite 290
                                              Topeka, KS. 66683
                                              (785) 295-2850
                                              Greg.Hough@usdoj.gov

---

[18] Doc. 70.

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 26, 2022</u>, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record for the defendant and U.S. Probation Officer in this matter.

I hereby further certify that on <u>April 27, 2022</u>, a copy of the foregoing was mailed, postage prepaid, to the defendant at:

Michael Scott Moon, #29660-031
FCI Greenville
P.O. Box 5000
Greenville, IL. 62246-5000

s/ *Gregory G. Hough*
Gregory G. Hough, #<u>12860</u>
Assistant U.S. Attorney
Greg.Hough@usdoj.gov