## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                         **Case No. 5:18-cr-40086-HLT**

**MICHAEL SCOTT MOON,**

      **Defendant.**

## ORDER

Defendant Michael Scott Moon moves pro se and asks the Court for the second time to credit time to his federal sentence from the time he was taken into federal custody from the Kansas Department of Corrections.[1] Doc. 63. The Court again reviewed both motions, the record, and the presentence report.

The timeline of the salient facts is a little unclear given his pro se status. But the Court understands that Moon was serving a 52-month state custodial sentence in July 2018. *See* Doc. 55 ¶¶ 34, 35. The grand jury returned the indictment in this case in September 2018. A federal magistrate judge issued a writ of habeas corpus ad prosequendum in April 2019. Moon was transported to the District of Kansas pursuant to the writ for his initial appearance and arraignment and has been held in a federal facility since May 6, 2019. Moon paroled to federal detainer on January 28, 2021. He pleaded guilty to a federal charge on April 6, 2021. His state sentence expired on July 28, 2021. Doc. 55 at 9-11. The undersigned sentenced him on October 12, 2021, to 140 months imprisonment.

---

[1] Because Moon proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

In his first motion, Moon sought federal credit for the time between May 6, 2019 and January 28, 2021 (about 20 months). He argued that he should get credit because the Court has discretion to run custodial sentences concurrently or consecutively. Moon argued the Court should exercise this discretion in his favor based on the 18 U.S.C. § 3553(a) factors, the U.S. Sentencing Guidelines, and other statutory provisions. The Court understood Moon to make two alternative requests: (1) to credit the time from May 6, 2019 to January 28, 2021 to his federal sentence or (2) to modify his sentence to run his state and federal sentences concurrently. The Court found it lacked jurisdiction to consider his requests under 18 U.S.C. §§ 3582 & 3585, and Moon did not identify any alternative source of jurisdiction. *See* Doc. 69.

In his most recent motion, Moon seeks to have his sentences deemed concurrent or to have his federal sentence reduced by an amount equal to the served state sentence. Doc. 70 at 1. Moon cites 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3. But Moon does not explain how either provides jurisdiction. *See e.g.*, *United States v. Tetty-Mensah*, 665 F. App'x 687, 690 (10th Cir. 2016) (explaining that a district court lacks inherent authority to change an imposed sentence and that the "Sentencing Guidelines are not jurisdiction-conferring statutes"); *United States v. Lurye*, 2020 WL 6701221, at *1 (N.D. Ind. 2020) ("However, § 3584 does not provide jurisdiction for the Court to 'adjust or modify' a sentence." (internal citation omitted)).

Even if the Court had jurisdiction, neither 18 U.S.C. § 3584 nor U.S.S.G. § 5G1.3 warrant Moon's requested relief. First, 18 U.S.C. § 3584 governs multiple sentences of imprisonment. It provides:

> If <u>multiple terms of imprisonment</u> are imposed on a defendant <u>at the same time</u>, or if a term of imprisonment is imposed on a defendant <u>who is already subject to an undischarged term of imprisonment</u>, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. <u>Multiple terms of</u>

> imprisonment imposed at the same time run concurrently unless the
> court orders or the statute mandates that the terms are to run
> consecutively. Multiple terms of imprisonment imposed at different
> times run consecutively unless the court orders that the terms are to
> run concurrently.

18 U.S.C. § 3584(a) (emphasis added). This statute is not applicable because Moon was not subject to an undischarged term of imprisonment when he was sentenced in this case. His state sentence expired on July 28, 2021, and he was sentenced in this case on October 12, 2021. *See* Doc. 55 at 9-11.

Second, U.S.S.G. § 5G1.3 governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. It provides:

> If the instant offense was committed while the defendant was
> serving a term of imprisonment (including work release, furlough,
> or escape status) or after sentencing for, but before commencing
> service of, such term of imprisonment, the sentence for the instant
> offense shall be imposed to run consecutively to the undischarged
> term of imprisonment.

U.S.S.G. § 5G1.3(a) (emphasis added). This provision is not applicable because the instant offense was not committed while Moon was serving a term of imprisonment. It was committed between March 6, 2018 and July 9, 2018, before he began serving his state sentence. *See* Doc. 55 at 3.

Because Moon fails to establish this Court's jurisdiction to modify his imposed sentence and because neither of the identified bases warrant relief, the Court dismisses Moon's motion.

THE COURT THEREFORE ORDERS that Defendant's Motion to Restructure Sentence (Doc. 70) is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

Dated: May 12, 2022                           /s/  *Holly L. Teeter*
                                              HOLLY L. TEETER
                                              UNITED STATES DISTRICT JUDGE